Probably no rules of law have been the subject of more case repetition than the fundamental principles which govern summary judgment proceedings, but the facts of this case demand further reference to the rule stated in Civ.R. 56(C) as follows:
 "A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Under the facts and circumstances of the present case, as shown by the record, was Miller's conduct in attempting to save the truck totally unreasonable? Or, under the circumstances, was Miller's conduct in turning off the ignition of the truck beyond the travail of any reasonable person? Or, under the facts, and without any expertise in the field of electricity, would all reasonable bystanders, including Mr. Miller, react to the situation by allowing the truck to continue to operate while it was being destroyed by fire? Or, more glaringly responsive to the principal issue in this appeal from the summary judgment, was Miller's conduct the only efficient, independent, and self-producing cause of his injuries?
In this appeal, a majority of the court has completely absolved the defendant of any negligence, ignored critical issues of fact, and then found the plaintiff negligent as a matter of law. This is not, in my opinion, the function of a motion for summary judgment, and I respectfully dissent, therefore, from the decision of my colleagues.